Filed 9/16/13  P. v. Esquivel CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RUDOLPH CHAVEZ ESQUIVEL III,<br><br>    Defendant and Appellant. | A139051<br><br>(Mendocino County<br>Super. Ct. No. SCUKCRCR1371738) |

Pursuant to a negotiated disposition, appellant Rudolph Chavez Esquivel III entered a plea of no contest to first degree robbery (Pen. Code § 213, subd. (a)(1)(B))[1] with a stipulated midterm sentence of four years.  He received the four-year sentence.

Assigned counsel has submitted a *Wende*[2] brief, certifying that counsel has been unable to identify any issues for appellate review.  Counsel also has submitted a declaration confirming that Esquivel has been advised of his right to personally file a supplemental brief raising any points which he wishes to call to the court's attention.  No supplemental brief has been submitted.  As required, we have independently reviewed the record.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

We find no error and affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] *People v. Wende* (1979) 25 Cal.3d 436.

BACKGROUND

Esquivel and a codefendant were jointly charged with residential robbery in concert (§§ 211, 212.5 & 213) and dissuading a witness (§ 136.1, subd. (c)(1)). On April 5, 2013, Esquivel entered a plea of no contest to first degree robbery with a stipulated midterm sentence of four years. The prosecution agreed to dismiss the remaining count and to not file additional sentencing enhancement allegations (§§ 12022.7 [infliction of great bodily injury]; 667.5, subd. (b) [prior prison commitment]).

Esquivel's counsel said that he had only recently received the file and had not met with Esquivel before that day, but that he had "discussed [the case] the best I can in light of these circumstances. In light of that, [Esquivel] would like to accept the plea." On voir dire by the court, Esquivel said that he had not had "as much time as [he] would like" to discuss his plea with his attorney, but that he wanted to proceed. Esquivel was advised on the record of his rights and the consequences of his plea. The court found that Esquivel had made a knowing and voluntary waiver of his rights, and that he understood the nature and consequences of his plea.

Esquivel stipulated to the following factual basis for the plea: "On March 24, 2013, in the County of Mendocino, [codefendant and Esquivel] went to the residence of Loren John Franklin. They were looking for one of their friends. An argument ensued. [Codefendant and Esquivel] entered the residence of Mr. Franklin, beat him. Mr. Franklin went outside. They beat him outside as well. Also, they stole three pounds of marijuana."

On June 14, 2013, Esquivel was sentenced.[3] The probation report included a letter from Esquivel contending that his codefendant was entirely responsible for the offense and requesting "some amendments [be] made to [his] plea of no contest which [he] took under complete duress." The court noted that there was no motion to withdraw the plea before it and that the sentence was stipulated. Esquivel's counsel stated that he had "been

---

[3] Sentencing was continued on May 17, May 31 and June 11 at Esquivel's request.

2

discussing it over the past several weeks. I've researched it. I don't think that I have a good legal basis to file a motion to withdraw the plea."

The court imposed the agreed upon four-year prison term, a restitution fine of $1120, a $40 security fee, and a $30 conviction assessment. An additional $1,120 parole revocation fine was suspended. Esquivel received custody credits in the amount of 90 days (79 actual, 11 conduct).

A timely notice of appeal was filed on June 20, 2013. The notice of appeal recites that it is based only on "the sentence or other matters occurring after the plea that do not affect the validity of the plea."

## DISCUSSION

Our review of the record reveals no arguable issues. The record reflects that Esquivel was represented by competent counsel, and that Esquivel waived on the record his rights to a preliminary hearing, to a speedy and public trial, to confront and cross-examine the witnesses against him, to subpoena witnesses and present evidence, and his right against self-incrimination. The trial court found that Esquivel's waiver of rights was knowing, intelligent and voluntary and that he understood the nature and consequences of his plea. Esquivel stipulated to a factual basis for the plea. After discussion and research, Esquivel's counsel advised the court that he found no legal basis for a motion to withdraw the plea.

Under section 1237.5 and California Rules of Court, rule 8.304(b), a defendant seeking to appeal after entering a guilty or no contest plea generally must first obtain a certificate of probable cause. (§ 1237.5; rule 8.304(b); *People v. Panizzon* (1996) 13 Cal.4th 68, 74.) Since Esquivel did not seek or obtain a certificate of probable cause, the scope of issues cognizable on appeal is narrow. There are no cognizable issues relating to his guilt, or to his plea. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1097, 1099.)

Esquivel's appeal from the sentence imposed presents no arguable issues. Esquivel was sentenced in accordance with the agreed disposition and received all applicable presentence custody credits.

3

## DISPOSITION

The judgment is affirmed.

_____
Bruiniers, J.

We concur:

_____
Jones, P. J.

_____
Simons, J.